UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eric Jasen Jones #118937, <br> a/k/a Eric Jones, <br>        Plantiff, <br> vs. <br> J. McRee (M.D.) For S.C.D.C., <br> South Carolina Dept. of Corrections, <br>        Defendants. | ) C/A No. 4:15-3273-RMG-TER <br> ) <br> ) <br> ) <br> )REPORT AND RECOMMENDATION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

  The Plaintiff, Eric Jones (Plaintiff), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the McCormick Correctional Institution (MCI), and files this action in forma pauperis under 28 U.S.C. § 1915. The complaint names Dr. J. McRee, "the head (M.D.) at McCormick Correctional Institution," as well as the South Carolina Department of Corrections as Defendants.[2] Plaintiff claims he is being denied and/or has received improper medical treatment and seeks monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Pro Se and In Forma Pauperis Review**

  Under established local procedure in this judicial district, a careful review has been made of

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2) (B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This Court is required to liberally construe pro se documents, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which

2

the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

**Background**

Plaintiff states that in approximately January of 2014, he began reporting to sick call for itching, red bumps, red burning skin, and skin discoloration. (Complaint at 3). He indicates that he has been seen by Defendant McRee, a medical doctor, who has tried various medications and creams, which Plaintiff indicates have not been very helpful. Id. Per Plaintiff's request, he was seen by two dermatologist at the Medical University of South Carolina for his skin issues. Id. at 4. Plaintiff indicates that the MUSC physicians informed him that he might have scabies, but Plaintiff indicates that further tests were needed to confirm the finding, and he was refused those tests. Id. Plaintiff indicates that after his visit to the doctors at MUSC, he has not seen the Institutional physician again, as Defendant McRee purportedly stated that "he did not know what else to do." Id. Plaintiff notes that he continued with daily visits to sick call in early 2015. Id. at 5. Plaintiff does indicate that as recently as June of 2015, he was provided some "hydrocerin cream" by the pill line nurse. Id. at 6.

Plaintiff names the institutional physician, Dr. J. McRee as a Defendant[3] in this case, and

---

[3]To the extent that Plaintiff also intends to sue the South Carolina Department of Corrections itself, this lawsuit still cannot be pursued in this federal court because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. See e.g., Fed. Maritime Comm. v. South Carolina State Ports Auth., 535 U.S. 743, 747, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); Bellamy v. Borders, 727 F.Supp. 247, 248–250 & nn. 2–3 (D.S.C.1989); Coffin v. South Carolina Dep't of Soc. Serv., 562 F.Supp. 579, 583–585

suggests that the following have occurred: "(1) negligence, (2) medical malpractice. (3) 8th Amendment violation, (4) constitutional violations, with no regards for human life, (5) pain and suffering and discomfort towards good health." Id. at 7. Plaintiff seeks monetary damages and injunctive relief. Id. at 8.

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). See also 42 U.S.C. § 1983; Monroe v. Pape, 365 U.S. 167, 171, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle v. Gamble, 429 U.S. at 105. See also Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice"). In Lamb v. Maschner,

---

(D.S.C.1983); and Belcher v. South Carolina Bd. of Corr., 460 F.Supp. 805, 808–809 (D.S.C.1978). See also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under Pennhurst State Sch. & Hosp., a State must expressly consent to suit in a federal district court, and the State of South Carolina has not so consented. See S.C.Code Ann. § 15–78–20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

633 F.Supp. 351, 353 (D.Kan.1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant.

If liberally construed, Plaintiff, in his Complaint, may be attempting to state a claim of deliberate indifference to medical needs. However, Plaintiff's complaint clearly indicates that Plaintiff has received medical attention for his medical issues, specifically his skin conditions(s). He has been seen by both a physician within the South Carolina Department of Corrections as well as two dermatologists at MUSC. He has been provided with various medications and creams, as recently as June of 2015. As such, based on the facts alleged, Plaintiff's claim does not rise to the level of deliberate indifference to a serious medical need.[4]

At best, Plaintiff's allegations may be interpreted as an action for negligent or incorrect medical treatment. In fact, Plaintiff appears to be stating just such a claim, indicating that the Defendants have shown "negligence" and medical malpractice in their response to his medical condition. (Complaint, page 10). However, negligence and mal-practice claims are not cognizable under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983). As the factual allegations in Plaintiff's complaint fail to state a cognizable claim of deliberate indifference, and negligence is not actionable under § 1983, Plaintiff's case is subject to summary dismissal.

---

[4]The Court notes that the complaint does not allege or establish diversity jurisdiction. Additionally, the Court notes generally that in order to pursue a malpractice claim in South Carolina, a plaintiff is first required to "file as part of the complaint an affidavit of an expert witness which must specify at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." See S.C.Code Ann. § 15–36–100. It does not appear that Plaintiff has complied with the relevant South Carolina statutory requirements.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance of service of process. See Denton v. Hernandez, 504 U.S. at 31; Neitzke v. Williams, 490 U.S. at 324–25; Todd v. Baskerville 712 F.2d at 74.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge

October 16, 2015
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).