IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eric Jasen Jones #118937, a/k/a Eric Jones, ) | |
| ) | No: 4:15-cv-3273-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| J. McRee (M.D.) for S.C.D.C., South Carolina ) | |
| Dept. of Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge recommending the summary dismissal of this action. (Dkt. No. 12.) For the reasons set forth below, the Court adopts the recommendation of the Magistrate Judge to summarily dismiss the negligence and medical malpractice claims asserted under 42 U.S.C. § 1983 against all Defendants and all § 1983 claims asserted against the South Carolina Department of Corrections. The Court declines to adopt the recommendation of the Magistrate Judge regarding the summary dismissal of the deliberate indifference claim under the Eighth Amendment of the United States Constitution against Defendant McRee and refers this matter back to the Magistrate Judge for further proceedings consistent with this order.

## I. BACKGROUND

Plaintiff brings this *pro se* action seeking relief pursuant to 42 U.S.C. § 1983. For the purposes of this motion to dismiss, the Court assumes the facts alleged in the Complaint are true, construes the facts in Plaintiff's favor, and draws all inferences in Plaintiff's favor. Plaintiff is a state inmate at McCormick Correctional Institute ("MCI"). He asserts claims of: "(1) negligence; (2) medical malpractice; (3) 8th Amendment violation; (4) constitutional violations,

1

with no regards for human life; [and] (5) pain and suffering and discomfort towards good health." (Dkt. No. 1 at 7.)

Plaintiff's claims arise from the alleged inadequate treatment of Plaintiff's skin condition. Plaintiff alleges that he has suffered from "itching, red bumps, red burning skin, and skin discoloration" since January of 2014. (*Id.* at 3.) For four months, Plaintiff went to "sick call" two or three times a week and asked to be seen by a doctor. (*Id.* at 3–4.) Each of these medical visits cost Plaintiff five dollars and any medication prescribed by a nurse cost an additional five dollars. (*Id.* at 4.) Plaintiff alleges he was not allowed to see Dr. J. McRee, "the institution medical doctor," until the end of this four month period. (*Id.* at 3–4.) According to Plaintiff, Dr. J. McRee prescribed various "methods of medication for treatment" that were not "very helpful" in providing "any type of relief." (*Id.* at 3.) Plaintiff then requested to see a dermatologist. (*Id.* at 4.)

Four months after making this request, Plaintiff was seen by two dermatologist specialists at the Medical University of South Carolina ("MUSC"). (*Id.*) These specialists diagnosed Plaintiff with a chronic skin disease. (*Id.*) They told Plaintiff that he possibly had scabies, but would need additional tests for confirmation. (*Id.*) The specialists explained that "it is a contagious disease" and could turn into cancer if left untreated. (*Id.*) Plaintiff alleges that he was denied further testing and, despite his requests "to return to outside treatment," he has not seen the specialists again. (*Id.*) Plaintiff alleges that Dr. J. McRee "stated that he did not know what else to do." (*Id.*)

According to Plaintiff, he then "went through the proper channels within the institution in filing a grievance for denial of medical treatment." (*Id.*) Plaintiff has attached to the Complaint two completed Step 1 Grievance Forms and three completed Request to Staff Member Forms.

2

(Dkt. No. 1-2.) These range in date from February 3, 2015, to June 17, 2015. (*Id.* at 1–5.) In the Request to Staff Member Forms, Plaintiff reported that he has "not heard a word from medical or the doctor" and that he is "hurting" and "depressed." (*Id.* at 3.) Plaintiff also reported that "his skin is burning every minute of the day. . . . I take (2) two showers a day to try and keep my skin calm." (*Id.* at 4.) A staff member responded to Plaintiff's Request to Staff Member Form on March 9, 2015, stating, "I left the encounter open to the MD. He says he has nothing left to offer. I saw you January 27, 2015. Come through sick call or send request to MD." (*Id.* at 3.)

Plaintiff continued to go to sick call during this time period. (Dkt. No. 1 at 5.) On June 5, 2015, Plaintiff received 4 ounces of "hydrocerin cream" from the "pill line nurse." (*Id.* at 6.) According to Plaintiff, "E. Holcomb," an L.P.N. who Plaintiff has never met, "approved" this cream. (*Id.*) Plaintiff alleges that his lack of treatment has "destroyed [him] financially" and that "approximately 70% of [his] body [is] covered with this disease." (*Id.*) Plaintiff seeks injunctive and monetary relief. (*Id.* at 8.)

Plaintiff's case was referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C. Upon initial review, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending summary dismissal of this action for failure to state a claim upon which relief can be granted. (Dkt. No. 12 at 5.) Plaintiff filed a timely written objection to the Magistrate Judge's R&R (Dkt. No. 16) and submitted an "Affidavit of Expert Witness," (Dkt. No. 17) in which Plaintiff briefly restates the allegations in his Complaint and his objections to the R&R.

3

## II. LEGAL STANDARDS

### A.   Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

*Pro se* complaints are construed liberally to allow the development of meritorious claims and "must be held to less stringent standards than formal pleadings drafted by lawyers."

4

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view *pro se* complaints does not transform the court into an advocate.").

**B.     Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber,* 423 U.S. 261, 270–71 (1976). This Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

As to portions of the R & R to which no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P. 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

5

## III. DISCUSSION

### A.    Deliberate Indifference to Medical Needs

The Court liberally construes Plaintiff's Complaint to allege a claim for deliberate indifference to medical needs.[1] A charge of deliberate indifference to medical needs requires a plaintiff to prove that a defendant knew of and disregarded the plaintiff's objectively serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 846 (1994); *Wilson v. Setter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976). "[A] 'serious . . . medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999)).

Here, the Magistrate Judge found that Plaintiff had "received medical attention for his medical issues" and had been provided with medications and creams as recently as June of 2015. (Dkt. No. 5.) In light of these facts, the Magistrate Judge recommended that Plaintiff's claim does not rise to the level of deliberate indifference to a serious medical need. (*Id.*) The Court agrees that Plaintiff initially received some treatment for his skin condition; however, following Plaintiff's visit to MUSC, where the physicians indicated a need for further testing, Plaintiff alleges he did not receive any further testing and was never seen by another physician inside or outside of MCI. Plaintiff alleges that his skin condition has worsened to the point where it now covers 70% of his body. The records attached to the Complaint support Plaintiff's allegations that Dr. J. McRee knew of his serious medical condition and did no further diagnostic evaluation following Plaintiff's visit to MUSC. (Dkt. No. 1-2.)

---

[1] In his objections, Plaintiff states that Dr. J McRee's conduct constitutes "deliberate indifference to . . . his medical needs." (Dkt. No. 16 at 4.)

6

Based on the foregoing, the Court finds that Plaintiff has provided sufficient factual allegations to avoid summary dismissal of his claim against Dr. J. McRee for the alleged deliberate indifference to medical needs. *Keith v. Merch.*, No. 1:13-cv-2721, 2013 WL 6162248, at *2 (D.S.C. Nov. 21, 2013) (finding that Plaintiff had survived summary dismissal of his claim for deliberate indifference to medical needs where Plaintiff alleged that he was denied medical attention for a skin condition caused by an allergic reaction to soap and was denied help in obtaining a better mattress for his scoliosis).

### B.   Remaining Claims

Plaintiff's objections focus on his claims for "professional negligence," and lack of medical care. (Dkt. No. 16 at 3–4.) The Court agrees with the Magistrate Judge's finding that claims of negligence and medical malpractice are not cognizable under 42 U.S.C. § 1983. *See Estelle*, 429 U.S. at 106 (finding that "a complaint that a physician has been negligent in diagnosing or treating a medical condition" is not actionable under 42 U.S.C. § 1983). In addition, to the extent that Plaintiff asserts claims against the South Carolina Department of Corrections, it is well settled that actions against the State and its entities are barred by the Eleventh Amendment, *Alden v. Maine*, 527 U.S. 706, 712–13 (1999), and the State and its entities are not "persons" under 42 U.S.C. Section 1983. *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65–66 (1989). Accordingly, the Court adopts the Magistrate Judge's recommendation that Plaintiff's remaining claims be dismissed.

### IV. CONCLUSION

For the reasons set forth above, the Court **ADOPTS** the recommendation of the Magistrate Judge regarding the summary dismissal of Plaintiff's claims for medical malpractice and negligence against all Defendants and the summary dismissal of all claims against Defendant

7

South Carolina Department of Corrections. The Court **DECLINES TO ADOPT** the recommendation of summary dismissal regarding the deliberate indifference claim against Defendant McRee and **REFERS** this matter back. to the Magistrate Judge for further action consistent with this order.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

November 9, 2015
Charleston, South Carolina

8