# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | | |
|---|---|---|
| Eric Jansen Jones, #118937, | ) | Civil Action No. 4:15-3273-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| J. McRee, MD, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge, recommending that Defendant's motion for summary judgment be granted. For the reasons set forth below, the Court adopts the Report and Recommendation.

## I. Background

Plaintiff Eric Jones has been a prisoner of the South Carolina Department of Corrections ("SCDC") since 1983. He is housed at the McCormick Correctional Institution. Mr. Jones, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant J. McRee, a physician employed by the SCDC, was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution. In January 2014, Mr. Jones reported a skin rash to prison authorities. Dr. McRee ordered a course of treatment, including medications. Those treatments were ineffective, so, on August 13, 2014, Mr. Jones was transported to MUSC to see a dermatologist, who diagnosed his rash as dermatitis. Dr. McRee continued to provide various medications to treat Mr. Jones, allegedly to no avail. On December 4, 2015, Dr. McRee noted that the treatments were ineffective and made another referral to a MUSC dermatologist. On February 17, 2016, Mr. Jones saw the MUSC dermatologist, who diagnosed Mr. Jones as having atopic dermatitis (also known as eczema), a chronic condition with

-1-

a waxing and waning course. Mr. Jones has not experienced any life threatening medical problems, nor has he required any urgent or emergency medical treatment.

Mr. Jones filed this action on August 19, 2015. On June 4, 2016, Defendant moved for summary judgment. (Dkt. No. 36.) On August 11, 2016, the Magistrate Judge recommended granting the motion summary judgment. (Dkt. No. 43.) Mr. Jones filed timely objections to the Report and Recommendation on August 31, 2016.

## II.   Legal Standard

### A.   Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

When a proper objection is made to a particular issue, "a district court is required to consider all arguments directed to that issue, regardless of whether they were raised before the magistrate." *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). However, "[t]he district court's decision whether to consider additional evidence is committed to its discretion, and any refusal will be reviewed for abuse." *Doe v. Chao*, 306 F.3d 170, 183 & n.9 (4th Cir. 2002). "[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." *Caldwell v. Jackson*, 831 F. Supp. 2d 911, 914 (M.D.N.C. 2010) (listing cases).

### B.  Summary Judgment

Summary judgment is appropriate if a party "shows that there is no genuine dispute as to any material fact" and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

### III.  Discussion

Plaintiff alleges Dr. McRee was deliberately indifferent to his serious medical needs. Deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A deliberate indifference claim consists of two components, objective and subjective. Objectively, the inmate's medical condition must be serious—one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (internal quotation marks omitted). Subjectively, the defendant must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* (internal quotation marks omitted). "That is a higher standard for culpability than mere negligence or even civil recklessness, and as a consequence, many acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference." *Id.* "To show an Eighth Amendment violation, it is not enough that an official should have known of a risk; he or she must have had actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's action or inaction." *Id.*

Dr. McRee is entitled to summary judgment as to Mr. Jones's claim for deliberate indifference to medical needs because there is no evidence he "completely fail[ed] to consider [Mr. Jones's] complaints or . . . act[ed] intentionally to delay or deny [Mr. Jones] access to adequate medical care." *See Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). To the contrary, medical records reveal Dr. McRee continuously treated Mr. Jones's skin condition. Mr. Jones's objections to the Report and Recommendation make clear his true complaint against Dr. McRee is that Dr. McRee failed to cure his eczema. (*See* Dkt. No. 47 at 3 (objecting to the Court dismissing his suit despite "knowing that there has not been a cure to the illness").) There is no cure for eczema. Mayo Clinic, *Atopic dermatitis (eczema)*, http://www.mayoclinic.org/diseases-conditions/eczema/basics/definition/con-20032073 ("No cure has been found for atopic dermatitis."). Uncontroverted record shows Dr. McRee took all appropriate actions to diagnose Mr. Jones's condition and to provide available palliative care. Failure to cure an incurable skin condition does not violate the Eighth Amendment.

-5-

Mr. Jones also brings a claim under the Title II of the Americans with Disabilities Act. (Dkt. No. 1 at 10.) As the Magistrate Judge determined, that claim fails because Mr. Jones does not allege that he is disabled or that he has been denied any benefit because of a disability. (*See* Dkt. No. 12–13.)

### IV.    Conclusion

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge as the Order of the Court and **GRANTS** Defendant's motion for summary judgment. (Dkt. No. 36.)

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

September 14, 2016
Charleston, South Carolina